IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          CRIMINAL : 15-414 (GAG)

JUAN LUIS ÁLVAREZ-GUADALUPE,

Defendant.

**REPORT AND RECOMMENDATION
RE:  RULE 11 PROCEEDINGS (PLEA OF GUILTY)**

**I.      Procedural Background**

On June 17, 2015, Juan Luis Álvarez-Guadalupe, the defendant herein, was charged in a one-count indictment. ECF No. 14. Count one charges that on or about May 25, 2015, in the District of Puerto Rico and within the jurisdiction of this court, the defendant, falsely assumed and pretended to be an officer and employee of the United States acting under the authority thereof, that is a Special Agent of the Federal Bureau of Investigation, and in such assumed and pretended character did act as such, in that he falsely stated that he was a Special Agent of the Federal Bureau of Investigation who was not required to have a valid Puerto Rico driver's license to drive in this jurisdiction and sought to have a Puerto Rico Police Officer refrain from issuing a traffic ticket due to him from driving without a valid license in violation of Puerto Rico traffic laws, all in violation of Title 18, United States Code, Section 912.

**II.     Consent to Proceed Before a Magistrate Judge**

On April 5, 2015, while assisted by counsel, defendant, by consent, appeared before me in order to enter a plea of guilty as to count one of the indictment. In open court the defendant was questioned as to the purpose of the hearing being held and was advised of: (a) the nature and purpose of the hearing; (b) the fact that all inquiries were to be conducted under oath and that it was expected that his answers would be truthful; (c) the potential consequences of lying under oath (such as a perjury charge);

2

and (d) his right to have the change of plea proceedings presided by a district judge instead of a magistrate judge. The defendant was also explained the differences between the appointment and functions of the two. The defendant consented to proceed before this magistrate judge for purposes of entering his guilty plea to count one of the indictment.

**III.      Proceedings Under Rule 11, Federal Rules of Criminal Procedure**

**A.      Rule 11 Requirements**

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, guilty pleas must be knowing and voluntary: "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F.3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). [There are three core concerns in these proceedings]: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. United States v. Cotal-Crespo, 47 F.3d at 4 (citing United States v. Allard, 926 F.2d 1237, 1244-45 (1st Cir. 1991)). United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999).

**B. Admonishment of Constitutional Rights**

To assure defendant's understanding and awareness of his rights, defendant was advised of his right:

1.      To remain silent at trial and be presumed innocent, since it is the government who has the burden of proving his guilt beyond a reasonable doubt.

2.      To testify or not to testify at trial, and that no adverse inference could be made in relation to his decision not to testify.

3.      To a speedy trial before a district judge and a jury, at which he would be entitled to see and cross examine the government witnesses, present evidence on his behalf, and challenge the government's evidence.

4.      To have a unanimous verdict rendered by a jury of twelve persons which would have to be convinced of defendant's guilt beyond a reasonable doubt by means of admissible evidence.

5.      To use the subpoena power of the court to compel the attendance of witnesses.

3

Upon listening to the defendant's responses and observing his demeanor and taking into account counsel's belief that the defendant has fully understood his rights, it is determined that the defendant is aware of his constitutional rights.

### C.  Consequences of Pleading Guilty

Upon advising defendant of his constitutional rights, he was further advised of the consequences of pleading guilty. Specifically, defendant was advised that by pleading guilty and upon having him guilty plea accepted by the court, he will be giving up the above rights and will be convicted solely on his statement that he is guilty.

In response to further questioning, defendant was explained and he understood that if convicted on count one, he is exposed to a term of imprisonment of not more than three (3) years, a fine not to exceed two hundred fifty thousand dollars ($250,000.00), and a term of supervised release of not more than one (1) year in addition to any term of incarceration. The defendant was also explained what the supervised release term means and that if he violates the conditions of supervised release, that privilege could be revoked and he could be required to serve an additional term of imprisonment. Furthermore, he was advised that parole has been abolished and that the court must impose a mandatory penalty assessment of one hundred dollars ($100) per offense pursuant Title 18, United States Code, Section 3013(a).

The defendant was advised that the ultimate sentence was a matter solely for the court to decide in its discretion and that, even if the maximum imprisonment term and fine were to be imposed upon him, he later could not withdraw his guilty plea for that reason alone or simply because he disagrees with the sentence imposed. The defendant understood this.

### D.  Absence of Plea Agreement

There is no plea agreement in this case. The defendant was explained that the court, upon imposing sentence, is not bound by the U.S. Sentencing Guidelines which are advisory. In addition, the defendant was advised that the court may impose any sentence up to the maximum possible penalty prescribed by statute. Defendant acknowledged having understood these explanations.

4

**E.  Government's Evidence (Basis in Fact)**

At the change of plea hearing the defendant admitted as true the following summary of the government's evidence: On or about May 25, 2015, in the District of Puerto Rico, and elsewhere within the jurisdiction of this court, the defendant, Juan Luis Álvarez Guadalupe falsely assumed and pretended to be an officer and employee of the United States acting under the authority thereof. More specifically on said date the defendant pretended to be a Special Agent of the Federal Bureau of Investigations ("FBI"), and in such assumed and pretended character attempted to procure something of value in that he stated to the Puerto Rico Police Department Officers that detained him as part of a traffic stop that he was a Special Agent of the Federal Bureau of Investigations who was not required to have a valid Puerto Rico driver's license to drive in this jurisdiction and sought to have said Puerto Rico Police Officers refrain from issuing a traffic ticket due to him from driving without a valid license in violation of Puerto Rico traffic laws. The defendant produced a false FBI identification card bearing his photograph to the Puerto Rico Police Officers who had detained him and pretended to be a fellow law enforcement agent in order to avoid a traffic ticket. The Puerto Rico Police Officers detained him pending further investigation and contacted the FBI to corroborate the defendant's allegations. Upon being confronted by FBI Special Agents investigating his conduct, the defendant admitted his intentional violation of Title 18, United States Code, Section 912.

Taking into account the matters stated above and the defendant's admission of said proffer of the evidence as true, I find that there is a basis in fact as to every element of the offense charged.

**F.  Voluntariness**

The defendant accepted that no threats had been made to induce him to plead guilty and that he did not feel pressured to plead guilty.

**IV.   Conclusion**

The defendant, by consent, has appeared before me pursuant to Rule 11, Federal Rules of Criminal Procedure, and has entered a "straight" plea of guilty as to count one of the indictment. After cautioning and examining the defendant under oath and in open court, concerning each of the subject

5

matters mentioned in Rule 11, as described in the preceding sections, I find that defendant is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that the same carries, understands that the charge is supported by the government's evidence, has admitted to every element of the offense charged, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of his guilty plea. Therefore, I recommend that the court accept the guilty plea of the defendant and that the defendant be adjudged guilty as to count one of the indictment.

This report and recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B). Any objections to the same must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt.   Fed. R. Civ. P. 72(b).  Failure to timely file specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

SO RECOMMENDED.

In San Juan, Puerto Rico, this 22nd day of June, 2016.

s/Marcos E. López
U.S. Magistrate Judge